UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CHI MING YAU,

                  Plaintiff,

      -v-                                       No. 17-CV-2207-LTS

GEISHA ASIAN CUISINE, INC. d/b/a Geisha
Sushi, SANDRA XIU XIA ZHENG, and BRIAN
DOE,

                  Defendants.

-----------------------------------------------------------X

MEMORANDUM ORDER

        The Court has received and reviewed the parties' joint request for approval of the

proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case.  (See Docket

Entry No. 19.)  "[B]efore a district court enters judgment [on an FLSA settlement agreement], it

must scrutinize the settlement agreement to determine that the settlement is fair and reasonable."

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  "The ultimate question is

whether the proposed settlement reflects a fair and reasonable compromise of disputed issues

rather than a mere waiver of statutory rights brought about by an employer's overreaching."  Id.

(internal quotation marks and citation omitted).  In determining whether a settlement is fair and

reasonable, a court considers the totality of the circumstances, encompassing a range of factors

including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement

will enable the parties to avoid anticipated burdens and expenses in establishing their respective

claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the

settlement agreement is the product of arm's-length bargaining between experienced counsel; and

(5) the possibility of fraud or collusion." Id. (internal quotation marks and citation omitted).

"Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is

generally not in as good a position as the parties to determine the reasonableness of an FLSA

settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)

(internal quotation marks and citation omitted).  Moreover, following the Second Circuit's

decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties

may not privately settle FLSA claims without approval of either the district court or the

Department of Labor.  In dicta in Cheeks, the Second Circuit expressed hesitation with respect to

the validity of settlement agreements containing confidentiality provisions, general releases or

excessive attorneys' fees.  See generally id.

    The Court has carefully considered the parties' joint submission, which includes a

copy of the settlement agreement and Plaintiff's attorney's contemporaneous time records and

expenses.  (See Docket Entry No. 19.)  In light of the factors articulated above, as well as the

Court's review of the agreement and the parties' representations as set forth in the joint

submission that the settlement avoids potentially significant and unanticipated burdens and

expenses in the continued prosecution of the above-captioned action, the Court finds that the

proposed settlement agreement, including the attorneys' fees and expense award component, is

fair and reasonable and that it satisfies the requirements of <u>Cheeks</u>.  The parties are directed to

submit their Stipulation of Dismissal by **November 28, 2017**.

        This Memorandum Order resolves Docket Entry Nos. 18 and 19.


        SO ORDERED.

Dated: New York, New York
       November 7, 2017

                                           <u>  /s/ Laura Taylor Swain  </u>
                                           LAURA TAYLOR SWAIN
                                         United States District Judge